133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriella SCHOLNICK, Plaintiff-Appellee,
v.
PACE AMERICAN GROUP, INC.; C. Herman Terry; Dan Love;
Charles Bancroft; Frank Barrett; Patricia
Rucker; Robert Stein; James Winston,
Defendants-Appellees,
and
Don PACE, Defendant-Cross-Claimant-Appellant.
Gabriella SCHOLNICK, Plaintiff-Appellee,
and
Floyd REYNOLDS; William Byrne; Joseph Becher; George
Frank; Val Jones; Ralph Eidem, Jr.; Donald Piatak; John
Donnelly; Annabelle Santiago Ralp Cobey & Hortense Cobey;
Harry Cobey Foundation; Francis Boesel; J. Philip Boesel;
Kimberly Humphrey; Alexander Humphrey; Mark Kirch; Robert
Roseland; Nina Roseland; Roseland II Corp.; Norman
Patton; Thomas and Janet Porter; Peter Petto, Jr.;
Natalie Hochner; William and Carmen Gillingham; Nyla
Ulanski; Judith Beck; David Peterson; Craig Courtney;
Marshall Manley; David Morris; Nadis & Co., Trustees;
U.S. Intermediaries, Inc.; George Schaefer; Jean Brown;
Trude Taylor; Jerry Aaron; Sally Bloom; Robert Rivers;
Diane Jenet; Camille Raymond and Marie Leonardo; Stanley
Meisel; Richard Brown; Laurel and Timothy Phillips; Paul
Pesses; Michelle and Mark Patterson; Donald Marberg;
Ronald Hofbauer; Stanley Sherman; Virginia Hoesterey;
Edward Mizrahi; Elezzbeth Petrson Trust; Julia Chamian;
Thomas and Elizabeth Houpt; Iorwin Pomerantz; John Beeson;
Lmet Profit Sharing Plan; Victor and Rita Michellopti;
Joseph and Margaret Distefano; Rosemarie Herbert, Proposed
Intervenors-Appellants,
v.
PACE AMERICAN GROUP, INC.; C. Herman Terry; Dan Love;
Charles Bancroft; Frank Barrett; Patricia
Rucker; Robert Stein; James Winston,
Defendants-Appellees,
and
Don PACE, Defendant-Cross-Claimant-Appellee.
 Nos. 96-16208, 96-16235.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1997.
Decided Jan. 16, 1998.
 
 Before HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 This is an appeal from the district court's judgment in which it approved a stipulated settlement of class action securities fraud and shareholder derivative suits. The district court had jurisdiction pursuant to 15 U.S.C. §§ 77K, 78j(b), and 78t, and 28 U.S.C. § 1331. We have jurisdiction over these timely appeals pursuant to 28 U.S.C. § 1291.
 
 
 2
 Subsequent to oral argument, Don Pace has advised he wishes to withdraw his appeal pursuant to a settlement. His appeal is vacated and remanded to the district court with directions to dismiss it. See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950). The applicants for intervention also wish to withdraw all issues on appeal except for their contention that the award of attorneys' fees was excessive.
 
 
 3
 The applicants contend that the district court erred in approving an award of attorneys' fees for Scholnick's counsel for pursuing the shareholder derivative suit. We review an award of attorneys' fees in a derivative suit settlement for an abuse of discretion. In re Pacific Enterprises Securities Litigation, 47 F.3d 373, 379 (9th Cir.1995).
 
 
 4
 The applicants argue that Scholnick's counsel does not merit any fees or reimbursement of expenses for the derivative action, because he focused on the class action securities fraud aspect of the case. Thus, the applicants contend that he did not represent Pace American adequately.
 
 
 5
 It is important to observe that a two-stage negotiation occurred. In the first stage, Scholnick's counsel negotiated with the defendants and their insurance company for a complete award to be divided subsequently between the class members and Pace American. Thus, at this first stage, his incentive was to maximize the size of the total recovery. The second stage dealt with division of the total settlement amount. In this stage, Scholnick's counsel negotiated with an independent attorney for Pace American to divide the complete award.
 
 
 6
 Thus, contrary to the applicants' contention, Scholnick's counsel did represent the corporation without conflict in the first stage, which was the more significant one since it determined the ultimate size of the recovery to be divided. Therefore, we hold that the district court did not abuse its discretion in awarding attorneys' fees to Scholnick's counsel for his efforts in the first stage on behalf of the derivative suit.
 
 
 7
 We thus affirm the award of attorneys' fees and vacate the remainder of applicants' appeal and remand to the district court with directions to dismiss it. See Munsingwear, 340 U.S. at 39.
 
 
 8
 The applicants' "Motion to Strike Appellees' Response to Motion for Partial Dismissal of Appeal" is granted.